[Civ. No. 2115.   Second Appellate District.—March 15, 1918.]

## SOUTHERN CALIFORNIA IRON & STEEL COMPANY (a Corporation), Respondent, v. EDWARD R. MAIER, Appellant.

STOCKHOLDER'S LIABILITY — NUMBER OF SHARES OUTSTANDING — ADMISSIONS OF PLEADINGS—EVIDENCE.—In an action against a stockholder on a corporation debt, where upon the allegations of the complaint, as they stood admitted, there was no issue upon the subject of the number of shares of the corporation outstanding when the debt was contracted, the plaintiff was not entitled to raise such issue by introducing evidence contradicting the allegations of the complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Wm. D. Dehy, Judge Presiding.

The facts are stated in the opinion of the court.

A. L. Abrahams, for Appellant.

A. P. Michael Narlian, and N. B. Nelson, for Respondent.

CONREY, P. J.—The defendant appeals from a judgment entered against him in the sum of $171.40 as a stockholder in Maier Pier Company, a corporation, on account of a contract whereby merchandise was sold to that corporation at the agreed price of $857.04.

There is only a typewritten transcript of the record.   The quotations from pleadings and from evidence, as printed in the briefs, are less complete than they should have been. But by piecing together a scrap found in one brief with other scraps found here and there in the other briefs, together with positive admissions of fact by counsel, we find enough, although barely enough, material for a decision on the merits.   It is a dangerous practice for attorneys in preparing their briefs to neglect the provisions of section 953c of the Code of Civil Procedure.   We have referred to this matter in many recent decisions.

It was alleged in the complaint "that at the time said debts were contracted, the total number of shares of the capital stock of said corporation, Maier Pier Company, issued, sub-

scribed, and outstanding, was 77,941 shares." Without
denying this allegation, the defendant denied that at the time
mentioned he was a shareholder in the corporation, and
alleged that at that time he had no stock therein. Never-
theless the court, in finding No. 6, declared "that at the time
said contract was made said defendant Edward R. Maier was
the owner of one share of stock, and that the total number
of shares of stock subscribed for at that time was five."

If appellant is right in his contention that finding No. 6
is unsupported by any evidence, the judgment must be re-
versed. Counsel for respondent contend that the pleadings
were amended at the trial in such a manner as to eliminate
the above-stated allegation as to total number of shares of
stock outstanding at the time in question and to substitute
an allegation conforming to finding No. 6. It seems to be
true, according to a quotation from the transcript as made
by them, that the court allowed the parties to amend their
pleadings to conform "to the facts and proof in the matter."
But the more complete quotation given by counsel for appel-
lant limits the amendment made at the trial to the follow-
ing: "That the plaintiff amends and alleges the contract to
have been made on August 14th, and that the answer is
amended to show that the defendant alleges that he had no
stock on that date."

Counsel for respondent do not suggest that any proof was
made on the subject before us, except that they introduced
in evidence the articles of incorporation of Maier Pier Com-
pany, executed eight days before the making of the corpora-
tion's contract with the plaintiff, with the statement made
by counsel that, as shown by those articles, five shares of
the stock of the corporation were subscribed, of which the
defendant Maier subscribed for one share. They admit, how-
ever, that these articles "were not copied into the record by
the reporter, but this no doubt was through an oversight on
his part." There has been no suggestion of diminution of
the record, and it does not appear that respondent made
any effort to have the record completed so as to have pre-
sented before this court this evidence which is vital to his
case. However, we are of the opinion that upon the allega-
tions of the complaint, as they stood admitted by the defend-
ant, there was no issue upon the subject of number of shares
of the corporation then outstanding. The plaintiff was not

entitled to raise such an issue by introducing evidence (to which defendant duly objected) contradicting the allegations contained in its own complaint.

The judgment is reversed.

James, J., and Works, J., *pro tem.*, concurred.