[Civ. No. 2496.  Second Appellate District.—March 23, 1918.]

MARIE VERDIER, Respondent, v. V. J. STOLL, Appellant.

APPEAL—ALTERNATIVE METHOD—PRINTING OF RECORD IN APPELLANT'S
BRIEF—INSUFFICIENT GROUND FOR DISMISSAL.—An appeal from a
judgment will not be dismissed on the ground that the appellant
has not complied with that portion of section 953c of the Code of
Civil Procedure to the effect that, in filing briefs on an appeal the
parties must .print in their briefs, or in a supplement appended
thereto, such portions of the record as they desire to call to the
attention of the appellate court, since the omission may be provided
by stipulation of parties or in other briefs.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Kern County.  Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

R. J. Hudson, for Appellant.

Alfred Siemon, for Respondent.

WORKS, J., *pro tem.*—The respondent moves to dismiss
the appeal on the ground that the appellant has not com-
plied with that portion of section 953c of the Code of Civil
Procedure to the effect that, in filing briefs on an appeal
the parties must "print in their briefs, or in a supple-
ment appended thereto, such portions of the record as they
desire to call to the attention of the court." The reproduc-
tions of parts of the record made in appellant's brief are
very meager; perhaps we might even assert from the inspec-
tion we have made of the brief for the purposes of the pres-
ent motion that they are insufficient to present the merits
of the case for our consideration when we come to dispose
of the appeal.  That, however, is far from saying that the
appeal should be dismissed.  The printing of parts of the
record in the briefs, under section 953c, involves a consid-
erable expense, and it may be that, in individual cases, coun-
sel have entered and will enter into understandings designed
to obviate the necessity of printing.  This might be done,
for instance, through a statement of a case in one brief, with
an express assent to its correctness in the opposing brief.

For us to dismiss appeals for an apparent insufficiency of an appellant's brief in the particular now insisted upon, in any case, would lay down a rule depriving litigants of the right to fully and satisfactorily state an agreed case in their briefs without the printing required by the section now under consideration. We must take this occasion, however, to reiterate the established rule so many times stated by the supreme court and by this court, that in default of a compliance with the terms of section 953c by appellants, the judgments from which they appeal must be affirmed; unless, indeed, a compliance with the section is obviated by such a condition of the briefs as is above mentioned. The dangers of a departure from the requirements of section 953c are illustrated by a quotation from our opinion in *Southern California Iron & Steel Co.* v. *Maier, ante,* p. 531, [172 Pac. 615] : ''There is only a typewritten transcript of the record. The quotations from pleadings and from evidence, as printed in the briefs, are less complete than they should have been. But by piecing together a scrap found in one brief with other scraps found here and there in other briefs, together with positive admissions of fact by counsel, we find enough, although barely enough, material for a decision on the merits. It is a dangerous practice for attorneys in preparing their briefs to neglect the provisions of section 953c of the Code of Civil Procedure.''

The motion is denied.

Conrey, P. J., and James, J., concurred.